UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4508

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAQUON RASHAAD DAVIS, a/k/a Lil T,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Kenneth D. Bell, District Judge. (5:13-cr-00093-KDB-DCK-2)

Submitted: January 31, 2022                     Decided: February 18, 2022

Before DIAZ and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Eric Anthony Bach, Charlotte, North Carolina, for Appellant. William T. Stetzer, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Traquon Rashaad Davis appeals his 42-month revocation sentence, arguing that the district court procedurally erred by failing to explain why it rejected his nonfrivolous arguments for a lesser sentence and by providing no detailed explanation as to how the imposed sentence was calculated. For the following reasons, we affirm.

"A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Id.* at 208 (internal quotation marks omitted).

For an original sentence to be procedurally reasonable, the district court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this Court to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). Similar but less stringent principles govern revocation sentences: "[a] revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (footnote omitted). The requirement that the court

2

respond to nonfrivolous arguments and explain its chosen sentence "allow[s] for meaningful appellate review and . . . promote[s] the perception of fair sentencing." *Id.* (citation omitted). Often, minimal explanation is needed if the case is simple or the sentence is within the policy statement range. *See United States v. Patterson*, 957 F.3d 426, 438-39 (4th Cir. 2020).

Given the straightforward and interactive nature of the district court proceedings, the fact that Davis received a sentence within the calculated policy statement range, and that the district court explained the rationale for the imposed sentence with reference to the sentencing factors the court deemed relevant, we conclude that the court complied with procedural reasonableness requirements when it imposed Davis' sentence. We therefore affirm the district court's judgment.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decision process.

*AFFIRMED*

---

[*] Because Davis is represented by counsel who has filed a merits-brief in this appeal, we deny his motion to file a pro se supplemental brief. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (denying motion to file pro se supplemental brief because defendant was represented by counsel and appeal was not submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967)).